Matthew B. Dart (Bar No. 216429)
**DART LAW**
12625 High Bluff Drive, Suite 106
San Diego, California 92130
Telephone: 858.280.8080
matt@dartlawfirm.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT FOR

## THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LACUNA SUSTAINABLE INVESTMENTS, LLC; LACUNA SUSTAINABLE PARTNERS, LLC; LACUNA PROJECT INVESTMENTS, LLC; LACUNA INVESTMENTS II, LLC. | CASE NO.    3:24-cv-7705 |
| Plaintiffs, | **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| vs. | |
| PATRICK FOX; BENNETT COLLIER; VICTORY CAPITAL MANAGEMENT, INC.; CURT WHITTAKER; RATH, YOUNG, AND PIGNATELLI, P.C.; NECICF IIGP, LLC; MARK LERDAL; and DOES 1-10, inclusive, | Dept: 10 – 19th Floor<br>Judge: Hon. Araceli Martínez Olguín |
| Defendants. | |

PLAINTIFFS' ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR PRELIMINARY INJUNCTION
Cas No. 3:24-cv-7705

1        Pursuant to Civil L.R. 7-11 and 79-5, and based on this administrative motion, Plaintiffs

2    respectfully request to file under seal certain exhibits submitted in support of the Motion for

3    Preliminary Injunction.  Filed herewith appended to the Declaration of Matthew Dart in Support of

4    Plaintiff's Administrative Motion to Seal Portions of Motion for Preliminary Injunction ("Dart

5    Decl.") are the following exhibits: Exhibits A, B, E, F and H to the Declaration of Matthew Dart

6    in Support of Plaintiffs' Motion for Preliminary Injunction, and Exhibits A, I, N, Q, R, S, T, U, Y,

7    Z, AA, BB, CC, DD, EE, GG, II and KK to the Declaration of Brad Bauer in Support of Plaintiffs'

8    Motion for Preliminary Injunction.  This Administrative Motion to Seal is supported by the

9    concurrently filed Dart Decl. and is accompanied by a proposed order granting this motion and

10    authorizing the requested sealing.

11   **I.      APPLICABLE LEGAL STANDARD**

12        A party seeking to seal information in a non-dispositive motion must show "good cause" to

13    justify sealing the material. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172,1179-80.

14    The "good cause" standard presents a lower burden than the "compelling reasons" standard

15    ordinarily applied to sealing motions. *King v. Bumble Trading, Inc.*, No. 18-CV06868-NC, 2020

16    WL 663741, at *7 (N.D. Cal. Feb. 11, 2020). To demonstrate good cause, the party seeking

17    protection must show that "specific prejudice or harm will result" if the information is disclosed.

18    *Real Action Paint Paintball, Inc. v. Advanced Tactical Ordinance Sys.*, LLC, No. 14-cv-02435-

19    MEJ, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015).

20        The good cause standard should apply here because Plaintiffs' Motion for Preliminary

21    Injunction is not a dispositive motion.  S*ee In re Nat'l Sec. Agency Telecomm. Records Litig.*, No.

22    06-1791, 2007 U.S. Dist. LEXIS 14473, 2007 WL 549854 at *3 (N.D. Cal. Feb. 20,

23    2007) (finding that a preliminary injunction is a non-dispositive motion); *Reilly v. MediaNews*

24    *Group Inc.*, No. C 06-04332, 2007 U.S. Dist. LEXIS 8139, 2007 WL 196682, at *12 (N.D. Cal.

25    Jan. 24, 2007) (applying the "good cause" standard in connection with documents in support of an

26    application for a temporary restraining order).

27

28

1

2

3

## II.    GOOD CAUSE EXISTS TO SEAL PORTIONS OF THE OPPOSITION AND ITS SUPPORTING EXHIBITS

Good cause exists to seal the certain of the Motion's supporting exhibits because they include information regarding a confidential arbitration between Plaintiff LSI and other arbitrating parties, or contain highly sensitive business and financial information of the parties to the arbitration and/or this action, or contain identity and contents related to a whistleblower.

That arbitration is being conducted before JAMS, and JAMS Rule 26(a) states that "JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing, except as necessary in connection with a judicial challenge to or enforcement of an Award, or unless otherwise required by law or judicial decision." JAMS Rule 26(a) embodies the general principle that an arbitration proceeding between private parties, and filings made in the arbitration, are to be kept confidential. When parties agree to arbitrate disputes under the JAMS Rules, they agree to abide by this principle and expect that confidential and proprietary information concerning their business disputes will be kept confidential. The following exhibits in support of the Motion should be sealed on the basis of confidential filings and correspondence from the JAMS arbitration: Exhibits A, B and H to the Dart Declaration; and Exhibit II to the Bauer Declaration. Denial of this request to seal would cause injury by undermining the parties' contractual arbitration agreements.

Sealing portions of certain other exhibits is justified for the additional reason that they contain highly sensitive business information of the parties to the arbitration and to this action. These exhibits contain confidential and proprietary information regarding internal corporate affairs and operations of the arbitrating parties that, if revealed to third-party business competitors, would disadvantage those entities.  Courts have found that confidential business information is properly sealed where its disclosure would cause a competitive disadvantage. *See F.T.C. v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at \*3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal to the extent it may harm the party or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"). If all of the Motion's supporting exhibits were publicly available, the parties referenced therein would be harmed because third

3

1    party competitors not involved in the internal affairs and proceedings could potentially exploit the

2    information to their advantage and to the parties' detriment. *See id.*  The following exhibits in

3    support of the Motion should be sealed on the foregoing basis: Exhibits A, I, N, Q, R, S, T, U, Y,

4    Z, AA, BB, CC, DD, EE, GG, and KK to the Bauer Declaration.

5           Third, sealing portions of certain other of the exhibits is justified to protect the identity of

6    an attorney whistleblower and the contents of the reports provided to certain of the parties in this

7    action. *See, e.g., Killgore v. SpecPro Professional Services, LLC*, 51 F.4th 973 (9th Cir. 2022)

8    (California whistleblowers entitled to broad privacy protections).  The following exhibits in

9    support of the Motion should be sealed on the foregoing basis: Exhibits E and F to the Dart

10   Declaration.

11   **III.     THE SEALING REQUEST IS NARROWLY TAILORED**

12          Local Rule 79-5(b) requires that requests to seal "must be narrowly tailored to seek sealing

13   only of sealable material." Civ. L.R. 79-5(b). Accordingly, Plaintiffs move to file under

14   seal only the portions of the exhibits that specifically reference the arbitration, or confidential or

15   sensitive information, or disclose whistleblower identity or actions. The redactions are narrowly

16   tailored to provide for maximum access to judicial records and do not indiscriminately seek to seal

17   portions of documents that do not contain sealable material. Certain exhibits in support of the

18   Motion that Plaintiffs seek to file under seal are confidential arbitration documents and must be

19   redacted in their entirety in order to respect the confidentiality of the arbitration, and similarly

20   certain exhibits wholly contain and reflect confidential or sensitive business and corporate

21   information or contain only whistleblower actions. But the large majority of documents are

22   narrowly redacted.

23          In compliance with Civil Local Rule 79-5(e), unredacted versions of the supporting

24   exhibits accompanies the Dart Declaration submitted in support of this motion, and redacted

25   versions of the documents will be contemporaneously filed in the public docket. Additionally, this

26   motion is accompanied by a proposed order.

27   /////

28   /////

PLAINTIFFS' ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR PRELIMINARY
INJUNCTION
Cas No. 3:24-cv-7705

IV.    **CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request the Court grant their

Administrative Motion to File Under Seal Portions of Motion for Preliminary Injunction and

Supporting Exhibits.

Dated: February 4, 2025



By _____

MATTHEW B. DART

Attorney for Plaintiffs Lacuna Sustainable
Investments, LLC; Lacuna Sustainable Partners,
LLC

PLAINTIFFS' ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR PRELIMINARY
INJUNCTION
Cas No. 3:24-cv-7705

1

2

3

4

### **CERTIFICATE OF SERVICE**

5      I, Matthew B. Dart, hereby certify that on February 5, 2025, the foregoing Plaintiffs'

6 Administrative Motion to File Under Seal Portions of Motion for Preliminary Injunction was filed

7 electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's

8 electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

9

10                    */s/ Matthew B. Dart*

11                    Matthew B. Dart

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' ADMIN. MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR PRELIMINARY
INJUNCTION
Cas No. 3:24-cv-7705